**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 19-150-DLB-CJS**

**CARL COOPER**                                                                         **PLAINTIFF**


**v.**                              **REPORT AND RECOMMENDATION**


**JAILER TERRY CARR, et al.**                                                **DEFENDANTS**

**\* \* \* \* \* \* \* \* \* \***

Plaintiff Carl Cooper, *pro se*, filed this civil rights action on October 24, 2019, alleging deliberate indifference to his serious medical needs during his confinement at the Kenton County Detention Center.  (R. 3).  On December 19, 2019, Defendants answered the complaint.  (R. 14). This case has been referred to the undersigned for all further pretrial proceedings pursuant to 28 U.S.C. § 636(b), including preparation of a report and recommendation for any dispositive matters. (R. 15).

On January 21, 2020, the Clerk filed an image of the envelope containing the referral order (R. 15) that was mailed to Plaintiff—it had been returned as undeliverable and had "released" written on the envelope.  (R. 17).  By all appearances, Plaintiff has been released from the custody of the Kenton County Detention Center and has failed to comply with the Court's prior Order; namely, "Cooper must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case."  (R. 6, Page ID 23).

Federal courts have inherent authority to dismiss an action on their own initiative if a party fails to prosecute the case or comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b);  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962);  *see Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing  *Knoll v. American Tel.*

1

*& Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information); *Dulaney v. Webb*, No. 09-cv-141-ART, 2010 WL 3701781, at *1 (E.D. Ky. Sept. 17, 2010) (citing *Lovejoy v. Owens*, No. 92-4207, 1994 WL 91814, at *1 (6th Cir. Mar. 21, 1994)).  Also, an involuntary dismissal for failure to prosecute generally operates as an adjudication on the merits.  *Pepin v. Larchwood Healthcare Group, Inc.,* 2012 WL 253328, at *2 (N.D. Ohio 2012).

A district court must consider four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll,* 176 F.3d at 363).

The first factor supports dismissal in the present case because Plaintiff failed to keep the Court informed of his current address, as he had been directed to do in a prior Order, even though that Order warned that a failure to do so could result in dismissal.  A party's failure to act in the face of a prior warning from the court that the case would be dismissed is a powerful indication of willful noncompliance.  *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. 1994) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

The second and third factors also warrant dismissal.  The Defendants have expended time and resources to defend this action, which Plaintiff has apparently abandoned.  Lastly, dismissal without prejudice under Rule 41(b) would be a lesser sanction than would be dismissing the case with prejudice.  Plaintiff's failure to demonstrate that he intends to move forward with this action

suggests that dismissal without prejudice is the warranted and appropriate course of action under the circumstances.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint (R. 3) **be dismissed without prejudice** for failure to prosecute and to comply with the Court's Order (R. 6), and that this action **be stricken** from the active docket of this Court.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.[1]  Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn,* 728 F.2d 813, 814-15 (6th cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard,* 932 F.2d at 509.  A party may respond to another party's objections within fourteen (14) days of being served with a copy.  Fed. R. Civ. P. 72(b)(2).

Dated this 7th day of February, 2020.



Signed By:

*Candace J. Smith*

United States Magistrate Judge

J:\DATA\Orders\civil cov\2019\19-150-DLB R&R dismissing.docx

---

[1] In addition to the warning in the Court's prior Order (R. 6), the objection period for this Report and Recommendation will serve as further notice to Plaintiff that his actions, or lack thereof, will result in an involuntary dismissal of the case.